UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned IP address 70.95.78.237,<br><br>　　　　　　　　　Defendant. | Case No.: 24-cv-543-RSH-DDL<br><br>**ORDER GRANTING MOTION TO FILE UNDER SEAL**<br><br>[ECF No. 11] |

　　　　Before the Court is Plaintiff's ex parte application to file under seal unredacted versions of its First Amended Complaint, proposed summons, and return of service. ECF No. 11. Plaintiff has filed in the public record versions of these documents with Defendant's name and identifying information redacted. ECF No. 10.

　　　　Courts have historically recognized a "general right to inspect and copy public records and documents, including judicial records." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is

1 | 'based on the need for federal courts, although independent—indeed, particularly because
2 | they are independent—to have a measure of accountability and for the public to have
3 | confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*,
4 | 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048
5 | (2d Cir. 1995)).

6 |     To overcome this presumption of access, a party must show either "good cause" or
7 | "compelling reasons" to seal a record, depending on the motion to which the record relates.
8 | *Id.* at 1096-97. The Ninth Circuit has made it "clear that public access to filed motions and
9 | their attachments does not merely depend on whether the motion is technically
10 | 'dispositive.'" *Id.* at 1100-01 ("[O]ur circuit looks past the literal
11 | dispositive/nondispositive label."). "Rather, public access will turn on whether the motion
12 | is more than tangentially related to the merits of a case." *Id.* If the motion is "more than
13 | tangentially related to the merits of a case," the movant must show "compelling reasons"
14 | for overcoming the presumption in favor of public access. *Id.* at 1096-99, 1101. Otherwise,
15 | a party need only show good cause. *Id.*; *see, e.g.*, *Baker v. SeaWorld Ent., Inc.*, No. 14-cv-
16 | 2129-MMA-AGS, 2017 WL 5029612, at *2 (S.D. Cal. Nov. 3, 2017). "[T]he 'compelling
17 | reasons' standard applies to most judicial records." *Ctr. for Auto Safety*, 809 F.3d at 1098
18 | (quoting *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010)).

19 |     Here, the information Plaintiff seeks to seal includes the Defendant's name, address,
20 | and other details that could be used to identify Defendant. Plaintiff has filed a redacted
21 | copy of the Amended Complaint, which provides the public access to all other information
22 | in the pleading. *See* ECF No. 10. The redactions are limited to addressing privacy concerns.
23 | Balancing the need for public access and the Parties' interests in keeping this information
24 | private, the Court finds compelling reasons outweigh public access at this very early stage
25 | in the litigation.
26 | //
27 | //
28

Accordingly, the Court **GRANTS** Plaintiff's ex parte application. ECF No. 11. The Clerk of Court is **DIRECTED** to file the unredacted Amended Complaint, proposed summons, and return of service [ECF No. 12], under seal.

**IT IS SO ORDERED.**

Dated: October 17, 2024

_____
Hon. Robert S. Huie
United States District Judge